MORRIS COHN, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9870.   Promulgated March 24, 1927.

*Morris Cohn, Jr.*, pro se.
*C. H. Curl, Esq.*, for the respondent.

MURDOCK: The Commissioner determined a deficiency of $1,158.43 in the petitioner's income tax for the calendar year 1921, and a similar deficiency of $207.46 for the calendar year 1922, or a total deficiency of $1,365.89. The petitioner contends that a portion of each deficiency was incorrectly determined, due to the fact that the Commissioner erroneously included in 1921 income an item which was not received until 1922 and likewise erroneously included in 1922 income an item which was not received until 1923.

FINDINGS OF FACT.

The petitioner is an individual residing at Niagara Falls, N. Y. He kept his accounts and reported his income on a cash receipts basis. During the taxable years he was a director and a stockholder of the Frontier Finance Corporation with which he had an arrangement whereby he was to receive for services rendered to it a percentage of its net profits for each calendar year. The corporation was engaged in buying and selling securities. Its net profits for

any year were not determined until the close of business on the last business day of any such year when an inventory was taken. The petitioner and the corporation had offices in the same building, but on different floors.

On January 5, 1922, the petitioner received a check from the Frontier Finance Corporation, dated December 31, 1921, for $5,501.72, representing compensation for services rendered by him during the year 1921. This check was signed by the manager and treasurer of the corporation in the year 1922. The petitioner reported the amount of the check as part of his 1922 income. The respondent in determining the deficiency treated this sum as taxable income for the year 1921.

On January 2, 1923, the petitioner received a check from the Frontier Finance Corporation, dated December 30, 1922, for $5,601.72, representing compensation for services rendered by him during the year 1922. The petitioner reported the amount of the check as part of his 1923 income. The respondent in determining the deficiency treated this sum as taxable income for the year 1922.

These checks were delivered to the petitioner by an officer or employee of the corporation.

*Judgment will be entered for the petitioner upon notice of 15 days, under Rule 50.*